Kent, Ch. J.
delivered the opinion of the court. This is the case of a sum of money given twice in the same instrument to the same legatee. The general rule, on this subject, from a review of the numerous cases, appears evidently to be, that where the sum is repeated, in the same writing, the legatee can take only one of the sums bequeathed. The latter sum is held to' be a substitution, and they are not taken cumulatively, unless there be some evident intention that they should be so considered, and it lays with the legatee to show that intention and rebut the contrary presumption. But where the two bequests are in different instruments, as by will in the one case, and by a codicil in the other, the presumption is in favour of the legatee, and the burden of contesting that presumption is cast upon the executor. The presumption either way, whether against the cumulation, because the legacy is repeated in the same instrument, or whether in favour of it, because the legacy is by different instruments, is *161 liable to be controlled and repelled by internal evidence, and the circumstances of the case. (Godolphin’s Orphan Legacy, part 3. c. 26. s. 46. Swinb. part 7. c. 21. s. 13. Duke of St. Albans v. Beauclerk, 2 Atk. 636. Garth v. Meyrick, 1 Bro. 30. Ridges v. Morrison, 1 Bro. 389. Hooley v. Halton, ibid. 380. n. Wallop v. Hewett, 2 Ch. Rep. 37. Newport v. Kinaston, ibid. 58. James v. Semmens, 2 H. Bl. 214. Allen v. Callen, 3 Ves. jun. 289. Barclay v. Wainwright, ibid. 462. Osborne v. Duke of Leeds, 5 Ves. 369.) This question which appears to have arisen so often, and to have been so learnedly and ably discussed, in the English courts, was equally familiar to the civil law. The same rule existed there, and subject to the same control. (Dig. 30. 1. 34. Dig. 22. 3. 12. and the notes of Gothofrede, ibid. Voet, Com. ad Pand. tom. 2. 408. s, 34.) And Chancellor D’Aguesseau, in his Pleadings in the Case of the Deirs of Vaugermain, (Oeuvres, tom. 2. 21.)" adopts and applies the same rule to a case arising under the French law. The civil law puts the case altogether upon the point of the testator’s intention ; but then if the legacy was repeated in the same instrument, it required the highest and strongest proof to accumulate it. Evidentissimis probationibus ostendatur teslatorem multiplicasse legatum voluisse.
In the present case, what are the intrinsic circumstances to show" a manifest intent of the testator to multiply the legacy ? The only material variation in the two bequests is, that in the latter instance, the legacy was charged upon Philip Vanderbergli in respect of the real estate to him devised. But this affords no evidence of an intention to accumulate. The inferenóe is the other way. It was only strengthening the security of the legacy by means of the charge. There was no specified object; there Avas no assigned reason, or cause, as respected the legatees, for repeating the bequest. Courts have required some new, or additional cause, •for enlarging the bounty, before they have held it accumulative, unless the words of the A?ill clearly showed the intent. In a will, the testator gave double legacies to his daughters, but he added, in those cases, that they Avere “ in addition” to what he had before given; and the master of the rolls, in Barclay v. Wainwright, said that he laid considerable stress upon this, that where the testator meant addition, he expressed it. The Avhole will denotes throughout, a careful and studied apportionment of the testator’s estate among bis children, according to his opinion of their wants and circumstances; and he imposed several trusts and charges* *162 probably, with a view to greater accuracy in the partition of his estate. He appoints four sons executors, but he charges his funeral expenses upon three, and his debts upon two of them. A small variation in the direction as to payment will not alter thy construction. In Halford v. Wood, (4 Ves. 76.) the legacy was an annuity of 30b for life, and in the one instance it was declared to be payable quarterly, and in the other instance, the will was silent as to the payment, and yet it was not held accumulative. So, also, in Greenwood v. Greenwood, (1 Bro. 31. n.) the one legacy was simply to Mary Cook, but the other was to Mary Cook “ for her own use and disposing, notwithstanding her coverture ;” and yet Lord Bathurst decreed that she was entitled to one legacy only.
As, then, the substituted legacy, in this case, has been paid by the devisee, on whom it was charged, the defendant is entitled to judgment
Judgment for the defendant.