Day, C. J.
We are called upon, under this proceeding in error, to determine whether the court of common pleas correctly construed the will of Isaac Bainier, deceased. No bill of exceptions was taken in that court embodying the evidence there given, and so far as evidence was admissible to aid in the construction of the will, it may be presumed to have been before the court. At most, however, the evidence could only inform the court of all the circumstances that surrounded *the testator, to aid it in determining the meaning the testator intended should be given to the words he used in the will.
With this presumption in favor of the judgment below, we are left to construe the will by the language used therein, aided only, •on the principal question, by a fact conceded by the pleadings, that the testator, when he executed the will, had personal property sufficient to fill all the legacies upon the largest construction of the beouest.
*554 It is claimed by tbe executors that tbe sum of $1,000, to be paid by Mrs. Adell to Mrs. Edwards, is to be applied on the legacy to her of $1,500, and is not to be regarded as a legacy in addition to that sum.
Mrs. Edwards claims that it was the intention of the testator to give her both sums.
Here arises the principal question presented for our consideration : "Was the $1,000 intended by the testator to be an additional benefit or legacy to Mrs. Edwards ?
The books afford us but little aid in the solution of this question; for, in the language of Chief Justice Hornblower, in Jones v. Creveling, 4 Har. 127, “After a careful examination of the cases cited on the argument and of many others, I am satisfied, notwithstanding all the nice distinctions that have been taken by courts of law and courts of equity, upon the subject of single or cumulative legacies, we must come down to the plain commonsense question, -of what was the intention of the testator.”
Chief Justice Kent, after much research, arrived at substantially the same result, in DeWitt v. Yates, 10 Johns. 156. Although he recognizes the general rule, that, where the sum is repeated in the same writing, the presumption is against the legatee, and that where the two bequests are in different instruments the presumption is in his favor, he adds: “The presumption either way, whether against the cumulation, because the legacy is repeated in the same instrument, or whether in favor of it, because-the legacy is by different instrumente, is liable to bo controlled and repelled by internal evidence, and the circumstances of the case.”
The general rule is stated, in an English treatise, to be, that where two legacies are given by the same testamentary instrument *of equal amount, courts infer an intention in the testator to give but one legacy.; and that, “where the legacies given by the same testamentary instrument to the same person are of different amounts, the legacy shall be considered accumulative." Rop. Leg. *996, *998.
If the $1,000 was in the form of a direct bequest, these authorities might aid us in arriving at a conclusion; but the real question is, whether that sum was intended to be in part payment of a legacy already expressly given in the will; if not, the question is settled, for it is clear that the testator intended Mrs. Edwards should have the money. If he did not intend that it should apply in part pay *555 ment of the $1,500, it is equally clear that he intended it should be an additional legacy.
The only question then is, whether the testator intended that Mrs. Edwards should receive the sum of $1,000, to be paid to her as directed in the fifth item of the will, in part payment of the legacy he had given her in the third.
The intention of the testator in relation to this, “ is to be gathered from the phraseology of the will itself; and to arrive at this intention, it is necessary to look into the entire instrument.” Williams v. Veach, 17 Ohio, 180; Beckwith v. Moore, 14 Ohio St. 129; Brasher v. Marsh, 15 Ohio St. 103.
. Let us then look at the will. We search in vain for any expression of a purpose that the $1,000 should be applied in part satisfaction of the legacy bequeathed in the third item of the will. There is no language used in the instrument from which such an intention can fairly be implied. It would have been most natural, in a matter of so much importance, to have indicated that the $1,000 was to be paid to Mrs. Edwards, to apply on the legacy before given to her, if such was the intention of the testator. If he intended to make the mode of paying this legacy of $1,500 to differ so widely from that of paying all the other legacies in his will, it is singular that he did not add to the gift of “ fifteen hundred dollars in cash,” some words indicating such a purpose, or else have done so in connection with the direction that $1,000 should be paid to the legatee of the $1,500. This strikes us' with the more surprise, if such was his intention, since, in other parts *of his will, in matters of less importance, he is sufficiently explicit. Where he directs two of his legatees to pay money to his widow, in the contingency of her marriage, he specifies that it shall be “in lieu” of her interest in his real estate. In the second item, he gives his wife all the household and kitchen furniture, except what is “ hereafter willed;” she is also to have such books as she may select, “ except those hereafter willed;” and in the sixth clause, he devises land subject to the widow’s dower “above .written.” While thus explicit in minor matters, if such was his purpose, he would naturally have added to the legacy of $1,500, or to the requirement to pay the legatee of that amount the sum of $1,000, some words indicating a purpose to have the latter sum applied on the former.
Nor was it at all singular, as contended in argument, that the tes *556 tator did not embrace in the third item all he intended to give his daughter, Mrs. Edwards, but left a part to be inserted in the fifth.
After providing for his wife in the second clause, it would seem •that he makes a further provision for her in the fifth, in relation to the real estate; clearly, in the sixth, he gives her some property in addition to that bequeathed to her in the second. Moreover, there .are obvious reasons, if he did intend to give the $1,000 in addition to the $1,500, why he should insert that gift in the clause we find it, .and no particular reason why both gifts should be inserted in one item of the will. One was a general legacy; the other was to be paid by a particular person, and at particular times, and is in a clause naming the person to pay it, and providing the means of securing payment. It would have been more certain, doubtless, if the testator had added, in the fifth item, for what purpose he directed the sum of $1,000 to be paid to Mrs. Edwards, whether as payment on the legacy already given to her, or in addition thereto. He did, however, take care to express a purpose that the money should be paid by Mrs. Adell to Mrs. Edwards; and there he leaves it, in her hands, without any intimation but that he intended it should be fully and unconditionally her property; certainly there is no ^intimation that he intended it to diminish the amount of the legacy before given to her.
Nor can the failure to express any purpose to have the $1,000 applied on the legacy of $1,500 be the result of haste, for the testator lived two years and a half after he made the will; neither was it the result of accident or oversight, for he carefully revised his will more than a year after its execution, as is shown by the codicil then added thereto.
While, then, we fail to find in the will anything from which it can fairly be inferred that the testator intended the $1,000 should be applied in reduction of the legacy of $1,500, is it not clearly inferable from the will that he intended ■ it should be in addition thereto ?
In Creveling v. Jones, 1 Zab. 576, it is said: “Upon a question whether two legacies shall be construed to be cumulative or not, a fair and forcible argument in support of the increase may be drawn from the fact that they are for different sums; or the sums are stated in different sections of the will; or one in the will and another in a codicil; or the sums are made payable at different times, or out of different funds.”
*557 Wo find in this will nearly all these indices of cumulative legacies. But if we seek to find the intent of the testator, I think, it may be clearly discovered, if we give to the language he has used-in the will its natural and ordinary meaning, and give to every part of the instrument its just operation and effect. 1 Redf. on Wills, 431.
The testator concludes his will by directing “ all the above legacies to be paid in two years ” after his decease. This embraces the whole $1,500, as much as any part of it. It is a direction to his executors, not to pay part of any legacy, but “ all.” This direction applies only to the legacies to be paid by the executors, and not to the amount to be paid by one legatee to another. In such cases the testator not only specifies the amount to be paid, but the person to pay it ; and in every instance it is to be paid in consideration of real estate devised. The executors have no more to do, for aught that appears in the will, with the amount to be paid by Mrs. Adell to Mrs. Edwards, than they have with the several, ^amounts to be paid by other devisees to the widow, in case of her marriage.
The sum directed to be paid by Mrs. Adell to Mrs. Edwards is a matter that the testator had left entirely between them, and not as a legacy that the executors are called upon to settle out of the personalty; therefore, they are directed to pay “all” the legacies in two years, and the sum to be paid by one daughter to the other is left upon a different security, and to be divided into payments that are to run for longer periods. Moreover, upon the other construction, the executors might not know for years, beyond the time limited for the payment of legacies, what amount to pay on the $1,500, for they could not know how much Mrs. Adell would pay, or if she failed to pay, how much the land charge would sell for.
If the clear and plain directions of the testator in his will be executed, there will be no difficulty; the executors will pay “ all ” the legacies in two years, and the annual payments due from Mrs. Adell will be paid every year for ten years; then the intent of the testator, as expressed by the language he has used, will be fulfilled.
The will can not be construed to apply the $1,000 to the reduction of the legacy of $1,500, without adding to the instrument material words not written there by the testator.
We can not think, in the absence of any intimation of the kind, that the testator intended to diminish his legacy of $1,500 “ in. *558 cash,” which he positively directs to be paid in two years, by directing that part of it to be paid in ten years without interest.
The plain reading of the will affords the only consistent construction that can be given to it, and points out the only practical method of its execution. If we give to all the language the testator has used bearing upon the question, its natural and ordinary import, and there stop to inquire for the meaning of the testator, his intention is clear and obvious. It is only when we begin to strain or distort what the testator has said, by constructions or presumptions, that doubts of his intention arise. To adopt the construction claimed by one party, “ we must expunge, transpose, or interpolate material words; to sustain that of the other, we Heave the will as it is.” Reading the will, then, as it is written, we think the testator clearly intended to give Mrs. Edwards a legacy of $1,500 in cash, to be paid in two years by his executors, out of the estate that would come to their hands; and, in addition thereto, to give her $1,000, to be paid by a different person, out of a different fund, and at widely different times. In so holding, we but leave the money where the testator willed to leave it, and so left it after a deliberate revision of his will.
The court of common pleas therefore erred in their construction of the will upon this point.
As to the amount bequeathed to the widow in lieu of dower, although error is assigned upon this ruling of the common pleas, it is not now urged. We do not feel called upon, therefore, to express an opinion on that point. Indeed, it is doubtful if the question can be made on this record. The reasons, however, for sustaining the holding of that court on this point are so strong that we are content to affirm that part of the decree without further consideration..
As to the corn in the cribs, we think the codicil may be fairly construed to mean as held by the common pleas.
We see no reason, therefore, why the decree of that court should no't be affirmed in all respects, except as to the construction of the will relating to the bequests to Mrs. Edwards. As to that, it must be reversed; and, unless cause be shown to the contrary, a final decree will be entered here in favor of the plaintiffs in error.
White, Welch, Brinkerhoff, and Scott, JJ., concurred.