Bradley, J.
The contention on the part of the plaintiffs is that the provisions of the will, except that nominating the executors, were wholly revoked by the codicil. The effect of a codicil is the republication of the will which it follows, and operates as a revocation or alteration of its provisions only so far as is so declared or is clearly inconsistent with it. And so far as their provisions permit, they are to be constructed together. Westcott v. Cady, 5 Johns. Ch., 334; Howland v. The U. T Seminary, 5 N. Y.,193, 214; Brown v. Clark, 77 id., 369, 375; Brant v. Wilson, 8 Cow., 56.
*862 The testatrix, by the terms of the codicil, refers to the will and declares the purpose of revoking so much of it as is inconsistent with the provisions of the former, which fairly imports the intention that it continue effectual except so far as it is defeated by inconsistency of the provisions of the two instruments. The sale by the testatrix of the two parcels of real estate, operated as a revocation of the clauses of the will relating to the disposition of them and their avails. McNaughton v. McNaughton, 34 N. Y., 201 And the residuary clause in the codicil being inconsistent with a provision of like character in the will, that of the latter was revoked. And it is insisted by the plaintiff’s counsel that it reached further in its effect and imported a purpose to give to the codicil the entire testamentary disposition of the estate of the testatrix, because it might be construed as embracing all her estate, and reference is made to some cases relating to subsequent wills, and their construction and effect in reference to the prior wills of testators, where it is held that when they in terms embrace all the estate of the testator they operate as a revocation of the prior ones. Ludlum v. Otis, 15 Hun, 410; Simmons v. Simmons, 26 Barb., 68; In re Fisher, 4 Wis., 254; S. C., 65 Am. Dec., 309. And it may be observed that while a subsequent will does not revoke a former one unless it so declares or is inconsistent with it (Nelson v. McGiffert, 3 Barb. Ch., 158), there is a difference in the rule of construction applicable to it and to a codicil, because the latter purports to be supplemental to and is a republication of the will, while the subsequent will maybe treated as an independent testamentary instrument. And, therefore, the former must, if it can fairly be done, be construed in connection with the will and in harmony with its provisions, while the subsequent will, not necessarily subordinate in its purpose to the former will, may be given a more comprehensive effect when its provisions permit by way of testamentary dispositions of the estate of the testator. Yet inconsistency to give it that effect must exist between the two wills, and the latter operates as a revocation pro tanto only when the repugnancy is not co-extensive with the provisions of the former will. And because this did not appear in Simmons v. Simmons, before cited, the decision of this court was reversed. 24 How., 611.
In view of the rule of construction which is applicable and must be applied to the codicil, the fact that it contains a residuary clause which covered all the estate not specifically disposed of cannot have the effect to supersede the specific devises and bequests of the will not in their terms inconsistent with those of the codicil.
This proposition is well settled and is uniformly applied *863 In such cases. The residuary clause of the codicil has the effect to dispose of what remains of the estate after the satisfaction of the devises and the specific legacies of the two instruments so far as they are not repugnant to each other.
The bequest by the will to the Mount Hope commissioners of the fund of $100, in trust for the purposes mentioned, is challenged as inconsistent with the bequest to them of a like amount in trust by the codicil. And it is asserted that the purpose of the one is not distinguishable from that of the other. This does not necessarily appear by the description given of the cemetery lot or lots on account of which the endowments are made. But be that as it may, the two bequests are not inconsistent. And being made by separate instruments, the fact that they were designed for the same purpose would render the latter cumulative rather than substitutional. De Witt v. Yates, 10 Johns., 156; Ridges v. Morrison, 1 Bro. Ch. R., 389; Hooley v. Hatton, n., id., 390; S. C., Leading Cases in Eq., by Hare and Wallace, 721; Wilson v. O'Leary, L. R., 7 Ch. App., 448; 2 Moak, 342; affirming S. C., L. R., 12 Eq., 525.
The intention of the testatrix must be ascertained from the provisions of the instruments in question (Wilson v. O'Leary, supra); and although there may be substantially nothing remaining for the residuary legatees, the reason for thus depriving Mrs. Newcomb of participation in the estate of the testatrix is not legitimately the subject of consideration.
There are some reasons appearing why she would likely be and was made the object of the bounty of the testatrix by the will. And after the devise to her was defeated by the sale of the property, it may be that the situation in which she was left was overlooked or not in the mind of the testatrix when the codicil was made, and she was made one of the beneficiaries of the residuary clause embracing less (if any) of the estate than that of the will. But courts cannot alter wills of testators or judge of their motives and purposes otherwise than by their acts as represented by their testamentary instruments.
There seems to have been no error in the conclusion of the trial court. The action for the relief sought by it was properly one for the executors alone to bring, but as no objection was raised in the outset to the fact that Mrs. Newcomb was made a party plaintiff, there is no occasion now to take any notice of it. She may now be treated merely as an unnecessary party plaintiff. This appeal may have been taken in her behalf. But under the circumstances we are inclined to give no costs of this appeal.
The defendant executor will evidently be allowed his actual and necessary expenses in the action out of the *864 estate, and it was unnecessary that the defendants be represented here by more than one counsel.
The judgment should be affirmed.
Smith, P. J., and Childs, J „ concur.