ABEL W. HARTWELL et al., executors, &c.,

*v.*

ANNIE E. MARTIN.

[Decided May 11th, 1906.]

1. A testator, by his will, ordered his executors to make a settlement with his creditors of debts outstanding at the time of his assignment for the equal benefit of his creditors, as shown by a list to be found with the will. This list did not include the names of all of such creditors, and the debts were all extinguished by the assignment proceedings or barred by the statute of limitations.—*Held*, that such provision is void as an attempt to bequeath property to persons only ascertainable by reference to a paper not executed as wills are required to be.

2. Where two bequests are given by distinct instruments, as by will in one case and codicil in another, even if the amounts are alike, the presumption is in favor of both bequests, and the burden of overthrowing the presumption is on the executor.

---

On bill for construction of will.

*Mr. Carroll Robbins,* for the complainants.

*Mr. Bayard Stockton,* for the defendant W. H. Leggett.

*Mr. Peter Backes,* for the Murphy estate, defendant.

*Mr. George J. Plechner,* for David W. Martin, defendant.

BERGEN, V. C.

The complainants, as executors of the last will of Alfred W. Martin, seek directions to aid them in the administration of the

trusts in their hands under the will of their testator. Of the numerous questions presented in the bill of complaint, only four were pressed on the argument. The first arises under the second item of the will, which reads as follows:

"I wish my executors to make a settlement with my creditors of what debts I have outstanding at the time I made an assignment, I think in 1872. Although not under obligations to pay these claims, yet I wish them paid. My executors must make a settlement of the principal, without interest, and I also wish those who have received their dividend to be paid less the dividend they received, as well as those creditors who did not hand in their claims. A list of all debts that I wish paid will be found enclosed with this will."

The direction is to pay all his debts outstanding in 1872, without naming the persons to whom payment is to be made, and to ascertain who are embraced in that class he refers his representatives to *"a list of all debts I wish paid,"* to be found enclosed with his will. The will was executed in duplicate. One of them he gave to his executor, together with a list containing not only the names of some of his creditors in 1872, who had presented their claims to his assignee, and of those who had not, but also a list of creditors to whom he was liable for subsequent debts. The names of the creditors and the amounts due are each set out with particularity. The other will the testator retained, and it was found in a box where he kept his valuable papers, and with it a partial list of his creditors at the date of the assignment and the amounts due each. This list does not correspond as to amounts, with the list held by his executor, for in some cases they are reduced, as appears from an inspection of the paper, to the extent of payments made by the testator after the execution of his will. It was shown on the trial that neither list contained the names of all the creditors mentioned in the schedule attached to the deed of assignment, nor of all the creditors who had proved and filed their claims. Under this state of facts such of the creditors as were omitted by the testator from the list he made out claim that under the terms of the will they are to be considered in the class to be paid, and that the general direction to pay is not to be modified by the list left by the testator, according to which he expressed his intention

that payments should be made. He was under no legal obligation to pay these debts, for they were all either extinguished by the assignment proceedings or subject to the statute of limitations, and I am of opinion that if the bequest is good it must be limited to the debts contained in the list left by the testator with the will.

It is insisted, however, by the other legatees, that the whole bequest is void, because the persons who were to take are not named individually, but as a class, and in order to ascertain who constitute the class reference must be made to a paper not executed according to the law of wills. It is clear that this case differs from one where legacies are given subject to deductions for advancements, to be ascertained from charges in a book of account, or other evidence thereof to which the testator may refer, for in such case the testamentary disposition is complete and needs no aid from other sources, although subject to debts or advancements, for they may be proved without reference to any memoranda. The gift is complete; its payment during the life of the testator, in whole or in part, may be shown in exoneration of it, and therefore, in determining the question under consideration, we are afforded no assistance by *Moore's Case, 61 N. J. Eq. (16 Dick.) 616*, for there the disposition was testamentary, subject to advancements which the testator restricted to the amount he considered he had advanced.

My conclusion on this branch of the case is that the bequest to the creditors of the testator now under consideration is void, because it is an attempt to bequeath property to a class of persons who can only be ascertained by reference to a non-testamentary paper, which the testator might change from day to day, and thus enlarge or diminish his testamentary gifts as often as he chose without observing the rules of law relating to the testamentary disposition of property. The effect, if it should be permitted, would be to allow a testator to declare the particular legatees to whom his estate should go without the formality required by law in such cases.

The second question argued was whether these debts should be paid in full or abate with the other legacies, the estate being insufficient to pay in full. As I have decided that the gift in

satisfaction of these old debts is void, the question of abatement does not arise. The third question is whether there is a cumulative legacy to David W. Martin. The original will gives to the children of Jeremiah Martin, of whom David is one, each $200. In a codicil to his will, executed nearly four years after it, he bequeaths as follows: "And also to David Martin, of Metuchion, N. J., the sum of $200." This bequest follows other small legacies to the testator's relatives. My conclusion is that this is an additional gift to David, and was not intended by the testator to be a substitute for the bequest to him in the will itself. The first bequest is to him as one of the children of his father; the second bequest is found in the first codicil to the will, executed nearly four years after the will, and where two bequests are given by distinct instruments, as by will in one case and codicil in another, even if the amounts are alike, the presumption is in favor of both bequests, and the burden of overthrowing the presumption is on the executor. *DeWitt* v. *Yates, 10 Johns. 156.* In this case no attempt has been made to contest the presumption, and, on the other hand, it is strengthened by the fact that the same codicil revokes a legacy to David's sister of $200, she having died after the will was executed, and it is a reasonable inference that the testator intended to give to the brother the sum he took from the sister, thus continuing the same amount in his gifts to the family of Jeremiah Martin.

The fourth question is not unlike the one last disposed of. In the will $200 is given to each of the children of Isaac Laing, and in the codicil the following appears: "I also give and bequeath to the children of Isaac Laing, if any are living, the sum of $200 each." In the codicil a number of legacies of $200 each, given to legatees who had died between the publication of the will and the codicil, were revoked, because, as the testator states, "it would be to small an amount to divide among their heirs," and by the same codicil he bequeaths a like sum to other legatees named in the will. I therefore think that the same presumption applies to the bequest in the codicil to the children of Isaac Laing as I have found in the case of David Martin, and that the bequest in the codicil to them was intended by the testator to be a gift in addition to that contained in the will.