In the Matter of the Estate of CARRIE E. KARSTENS, Deceased.

Surrogate's Court, New York County, November 15, 1938.

*Ronald K. Brown,* for the executor, petitioner.

*Normington Schofield,* for the general guardian of infant.

DELEHANTY, S. On this account proceeding a construction of the testamentary instruments of deceased is sought in order to

determine whether a gift to Nellie Schofield in the second codicil to the will is in substitution of or in addition to the gift of similar amount made to her in the fifth paragraph of the will. The question is one which must be determined from the instruments themselves. The sole guide to a right decision is the expressed intent of the testatrix.

While it has been said more or less as a matter of routine that the repetition of a gift of the same amount in the same instrument creates the presumption that only one gift was intended and that if the gifts are contained in separate instruments there is a presumption that both gifts are intended to be effective, these rules of thumb are merely declarations of conclusions as to the intent of the testator and must yield to the overmastering rule that when that intent is ascertained it is to be given effect whether it accords with or differs from the rules stated. The "rules" themselves are too arbitrary to be sound in every instance. They have no justification as standards *per se*. Too easy an application of them exalts the rules over the reason for them. The basic fact which always is to be sought is the testator's intention.

In a search for the intent of this testatrix it is necessary to look at the testamentary scheme as a whole and observe the manner in which the testatrix expresses it. In her main testamentary instrument — the will — she first provides for the care of her family plot and for the care of a separate plot in another cemetery and then for two gifts to charities. In her clause fifth she makes gifts to individuals and in that clause includes the major part of her pecuniary general legacies. To two cousins she gives $5,000 each. She makes five gifts of $1,000 each, one to " Nell " Schofield, the wife of one of the cousins who receives $5,000. As a closing paragraph of this clause she provides that if either of the two cousins who receive the gifts of $5,000 should die leaving children the children are to take the gift intended for the parent. She provides in respect of all other legatees named in the paragraph that their death before her shall cause a lapse benefiting the residuary estate. Thus she provides that the gift to Nell Schofield shall not be continued as a gift to her children though these children, as already stated, would succeed to the gift to their father, Nell Schofield's husband. Later in the will she makes gifts of specific property to the two cousins who are the major beneficiaries of the pecuniary gifts and finally makes these two cousins her ultimate residuary legatees. In respect of the gifts to her chief beneficiaries of jewelry and household and personal effects she provides that their children should take if in the case of either the parent predecease

the testatrix. In respect of the ultimate residuary interest she brings in the children on a parity with their parents if any children of such chief beneficiary be living at the date of her death.

The first codicil shows that the testatrix was concerned chiefly with her pecuniary legacies and with the tenor of paragraph fifth of the will. In this codicil she cut down one gift from $1,000 to $500, revoked a gift of $1,000 and then added to the same paragraph two additional numbered subdivisions and prescribed gifts to charities thereby. She expressly reaffirmed all the rest of her will. Thus it may fairly be said that while writing this codicil she regarded the dispositions under paragraph fifth of her will as of chief importance.

When she came to the writing of her second codicil she likewise concentrated on her pecuniary legacies. She clearly was giving consideration to the fifth paragraph of her will though she does not mention it in terms as she did in her first codicil. Her first declaration in her second codicil relates both to subdivision 2 and to the final paragraph of clause fifth of the will. The testatrix notes in the first clause of this codicil that the provision for her cousin, Horace, under subdivision 2 of paragraph fifth would benefit his children as directed in the final paragraph of clause fifth of the will. Next she stated that she gave " to his widow, Nellie Schofield, one thousand dollars ($1,000)." This is the very sum which in subdivision 8 of paragraph fifth preceded in the will the paragraph under which the children of Horace took the $5,000 prescribed for their father under subdivision 2 of the paragraph. It is a reasonable assumption that deceased was looking at her will when she determined upon the text of her codicil. In this codicil as in the case of the first codicil all of her attention seems to have been concentrated on her pecuniary legacies. She added one to the list. She speaks of her cousin, Horace, as having been given a " legacy." In fact, Horace, as already noted, was given the pecuniary legacy and (except for a piano) a one-third interest in all jewelry and household and personal effects; and was also given a participation in the residue of the estate. It is apparent that the testatrix when writing her second codicil did not have in mind the interests of Horace in the specific gifts or in the residue gift. This fact confirms that she was concentrating on clause fifth of her will and on the pecuniary legacies therein. She recognized in the gift of $1,000 to Nellie Schofield the change from wifehood to widowhood but she left the amount of the gift unchanged. Thus it is a reasonable assumption from all three instruments that when she stated that she gave to Nellie Schofield $1,000 she was restating and *merely* restating the gift to her in subdivision 8 of paragraph fifth of the will.

This conclusion is in accord with the authorities. The leading case in New York appears to be *Southgate* v. *Continental Trust Co.* (36 Misc. 415; affd. on opinion below on this point, 74 App. Div. 150; affd., 176 N. Y. 588). There the principle formulated by *DeWitt* v. *Yates* (10 Johns. 156) is cited with approval as follows: " The general rule, on this subject, from a review of the numerous cases, appears evidently to be, that  \*  \*  \* where the two bequests are in *different instruments*, as by will in the one case and by a codicil in the other, the presumption is in favour of the legatee, and the burden of contesting that presumption is cast upon the executor. The presumption  \*  \*  \* is liable to be controlled and repelled by internal evidence and the circumstances of the case." This rule was based on rulings of the English courts cited by Chancellor KENT. Before and since *DeWitt* v. *Yates* the English cases dealing with the question are very numerous. (See as a representative cross-section *St. Albans [Duke of]* v. *Beauclerk*, 2 Atk. 636; *Ridges* v. *Morrison*, 1 Brown Ch. 389; *Coote* v. *Boyd*, 2 id. 521; *Moggridge* v. *Thackwell*, 1 Ves. Jr. 464; affd., 13 id. 415; *Osborne* v. *Leeds*, 5 id. 369; *Benyon* v. *Benyon*, 17 id. 34; *Lee* v. *Pain*, 4 Hare, 201; *Wilson* v. *O'Leary*, L. R. [1871] 12 Eq. 525.)

In the *Lee* case Vice-Chancellor WIGRAM in a careful opinion pointed out that when two bequests are made to a single legatee by separate instruments (as by will and codicil) the so-called presumption in favor of an accumulation is not strictly a presumption because otherwise evidence could be received to rebut it, thus permitting a construction of written instruments on the basis of parol evidence. The term " presumption," he said, is actually only a word used " to denote an inference in favour of a given construction of particular words." The Vice-Chancellor also said that " It does not, however, follow that in every case in which legacies are given by different instruments the legatee will be entitled to claim as many legacies as there are instruments. The claim may be displaced by showing that the instruments contain intrinsic evidence that the legacies were not intended to be cumulative."

In the *Benyon* case, where deceased had given a sum of money to the nominated executor " for his trouble " and later by codicil had repeated the gift, it was held that the second gift was substitutionary. The Master of the Rolls, Sir WILLIAM GRANT, said: " According to all the authorities a legacy of the same sum, for the same cause, given in a codicil, is repetition, and not addition." In the *Osborne* case a daughter of the deceased by the latter's will received a legacy only because she came within a clause descriptive of after-born children. After the daughter was born the deceased

by a codicil bequeathed the same sum to her *nominatim*. The internal evidence led the court to hold that the gift was substitutionary and not cumulative. The court said that " All the Judges, before whom this question has been, have decided, that small circumstances will raise an inference against this accumulation."

The whole situation is well summarized by Lord Chancellor LYNDHURST in *Fraser* v. *Byng* (1 Russ. & M. 90) where he said that " The principle of all the cases on the subject depends upon the question, whether you can collect from the whole of the instruments taken together, an intention on the part of the testator to substitute the one legacy for the other."

In the present case the amount of the bequest made to Nellie Schofield was the same sum in both will and codicil. About the significance of this circumstance it was said in *Ridges* v. *Morrison* (*supra*) that " Where the same quantity has been given, and the same cause, or no additional reason assigned for a repetition of the gift, the court has inferred the testator's intention to be the same, and rejected the accumulation." It should be noted that *Ridges* v. *Morrison* was cited with approval in *Southgate* v. *Continental Trust Co.* (*supra*). If the rule in *Ridges* v. *Morrison* is to be applied here the claim of accumulation must be rejected. The reason assigned for the first gift to " Nell " Schofield is " her continued kindness " to the testatrix. There is no additional reason assigned for the repetition of the gift in the codicil.

A statement similar to the text quoted from *Ridges* v. *Morrison* (*supra*) is made in *Hurst* v. *Beach* (5 Madd. 351). There the court said that " Where a testator leaves two testamentary instruments, and in both has given a legacy *simpliciter* to the same person, the Court, considering that he who has twice given, must, *prima facie*, be intended to mean two gifts, awards to the legatee both legacies; and it is indifferent whether the second legacy is of the same amount or less, or larger, than the first. But if in such two instruments the legacies are not given *simpliciter*, but the motive of the gift is expressed, and in both instruments the same motive is expressed, and the same sum is given, the Court considers these two coincidences as raising a presumption that the testator did not by the second instrument mean a second gift, but meant only a repetition of the former gift."

Thus the English authorities which historically appear to be the basis to the New York rule seem to indicate that rules of construction — not presumptions — have weight with the English judges when dealing with this problem. Thus if the gift is explained by assigning a reason for it in the first instrument a gift of a similar

sum in a later instrument which assigns a similar reason warrants a construction that the gift is mere repetition and not addition. (*Benyon* v. *Benyon, supra.*) Where a gift of the same quantity as in the first instrument is given by a later instrument and the same cause " or no additional reason " assigned for the gift the construction adopted is that of repetition or substitution and not of accumulation. (*Ridges* v. *Morrison, supra; Hurst* v. *Beach, supra.*) Where the gifts whether in the same or differing amounts are made by different instruments and separate reasons are assigned for the respective gifts the construction of accumulation is deemed the sounder one unless forbidden by other text in the instruments. Where the legacies in the same or differing sums are given without explanation in different instruments the courts incline to the construction of accumulation but only if there is no internal evidence nor even " small circumstances " which raise an inference against the accumulation.

Exactitude of language in expressing her testamentary scheme manifestly cannot be attributed to the testatrix. Her will and codicils were inartificially drawn. The court, however, is satisfied from an examination of all the instruments considered together that this is a case in which the internal evidence establishes a purpose to make not an additional but merely a substitutionary gift to Nellie Schofield. After the death of Horace Schofield the testatrix evidently reviewed the status of the Schofield family in respect of her money gifts. In the first and second clauses of her second codicil she was merely restating what she desired to be the effect of her will in respect of her money gifts to this family. Because of the death of Horace B. Schofield the testatrix seems to have considered that some doubt might arise as to the devolution of the property of which he was to have been the primary beneficiary. To eliminate such doubts the first clause of the second codicil was apparently drafted. It was not unnatural for the testatrix to add the second clause affecting Nellie Schofield, also for repetitive reasons, and the court is satisfied that this is what the testatrix did. The case is not free of doubt but such doubts as arise are due to the inexpertness of the draftsmanship of the instruments. Nevertheless the intention of the testatrix does pierce through the ambiguities and requires the court to find here a substitutionary and not a cumulative legacy.

Submit, on notice, decree construing the will and settling the account accordingly.