(35 Misc. ·Rep. 560.)

MORSE v. TILDEN et al.

(Supreme Court, Special Term, New York County.   July, 1901.)

1. WILLS—ANNUITY—SETTING ASIDE FUND.
     Under a will directing executors to set apart so much of testatrix's
   estate as will produce an annuity to testatrix's husband of $10,000 a
   year, it is for the executors to determine the amount necessary to be
   set apart therefor.

2. SAME—EXCESS OF INCOME.
     Where executors are directed to set apart a fund to produce an an-
   nuity, and there is an excess of income, it should be distributed among
   the legatees.

3. SAME—CONSTRUCTION.
     Testatrix was the owner of a homestead, a family burial plot, a pew
   in a church, and certain real estate.   She devised the proceeds of her
   real estate specifically mentioned to her brothers and sisters, and all
   her "other" real estate to her executors for the execution of the will,
   with a power of sale.   Held, that the second devise related only to the
   plot, pew, and homestead, and did not affect the first devise.

4. GENERAL LEGACIES—ABATEMENT.
     General legacies abated ratably where the personalty is insufficient
   for their payment.

5. WILL—SUBSCRIBING WITNESSES—FORFEITURE OF LEGACY.
     Where subscribing witnesses testify to the execution of the will,
   they forfeit their right to legacies thereunder.

Action by Waldo Grant Morse, executor, against Samuel J. Tilden,
Jr., and others, to construe the will of Ruby Tilden Paine.   Judgment
rendered.

Frank Cochrane (L. L. Delafield, of counsel), for plaintiff.
Edw. G. Whitaker, for defendants George H. and Augusta Tilden.
Geo. L. Shearer, for E. T. Sabin and C. D. Sabin, and also guard-
ian ad litem.
Emil Goldmark, guardian ad litem, for infant defendants G. A.,
A. M., and H. A. Tilden.
George E. Coney, for defendant Atlanta University.
Rollins & Rollins, for defendant Susan T. Sabin.
J. J. Rollins, for defendants S. T. Sabin and C. B. Whittlesey.
E. P. Wheeler, for Lebanon Soc.
W. B. Stryker, in pro. per.
A. S. Hutchins, for W. S. Paine.
Cady & Delamater, for National Hudson River Bank.
Lemuel Skidmore, for defendant Methodist Episcopal Soc., for
Foreign Missions.
Wm. T. Schley, for Henrietta T. Blatchford.

O'GORMAN, J.   Under the second clause of the will, it is quite
clear that it is the duty of the executors to set apart and invest so
much of the estate as will provide a net annual income of $10,000,
the annuity intended for decedent's husband.   The lien of the an-
nuity will affect only the particular fund set apart for that purpose,
and the determination of the amount of the fund must be left to the

trustees. Their decision involves the exercise of a discretion confided to them by the decedent, and should not be interfered with by the court. The annuity is to be paid out of the income, although the trustees may resort to the corpus of the fund to supply a deficiency when necessary. Should the fund produce an income in excess of the annuity, the surplus must be distributed among the legatees to the extent that their legacies remain unpaid. It will form part of the residuum only in the event of all other legacies having been previously discharged. By the sixth clause the testatrix expressly gave the proceeds of her real estate to her brothers and sisters. This bequest was not impaired or diminished by the succeeding paragraph, which reads: "Seventh. I give and devise all my other real estate to my executors in trust for the execution of my will, with power to sell and dispose of the same at public or private sale." The first and sixth clauses deal with the family plot at New Lebanon, the pew in the Madison Square Presbyterian Church, and the homestead at New Lebanon, and the specific devises of these minor interests explain the words "other real estate" in the seventh paragraph. It was evidently the intention of the testatrix that the executors should have the power to sell the real estate not specifically devised and distribute the proceeds as directed by the last paragraph of the immediately preceding clause. The provisions of paragraphs 6 and 7 touching the real estate are not inharmonious, and the words "in trust for the execution of my will" do not support the contention that these proceeds are applicable, with the personal estate, to the payment of general legacies. The executors are to sell the real estate and receive the proceeds "in trust for the execution of my will"; that is, with the proceeds they are to carry out and execute the provisions of the will, and one of these provisions contains the specific direction to pay those particular proceeds to the brothers and sisters of the testatrix, and compliance herewith is mandatory upon the executors. As it appears the personalty will be insufficient, after the creation of the annuity fund, to pay at this time the legacies given by the first, third, fourth, and fifth clauses, these legacies must abate ratably as between themselves. They are general legacies, and there is nothing in the language of the will or the character of the bequests to indicate an intention to prefer a particular legatee. The payment of the legacies mentioned in the first, second, and third paragraphs of clause 6 must be postponed until all the prior legacies are paid, and as to these legacies interest will not run until the executors have in their hands sufficient money to pay the legacies. The legacy to the Congregational Church is a general legacy, and carries interest from the expiration of one year after the granting of letters. The legatees mentioned in the third and fifth clauses are entitled to receive such income as has actually been earned by the respective funds since the death of the testatrix. In re Stanfield, 135 N. Y. 292, 31 N. E. 1013. This may be ascertained by subtracting from the total net income the total annuity, and dividing the balance among the several trust funds in the proportion which each fund bore to the whole estate at the death of testatrix, after deducting

therefrom the principal of the annuity fund. The will was proved by the testimony of Emily R. Tilden and H. Tilden Swan, two of the subscribing witnesses, and they therefore forfeit their legacies. As the other subscribing witness, Susan T. Sabin, was not examined, her rights as legatee are not affected. Her presence could not be secured on the probate, and consequently the will could not be proved without the testimony of the witnesses who were examined.

Judgment accordingly.