(96 Misc. Rep. 404)

In re ROSS' WILL.

(Surrogate's Court, New York County.   July 21, 1916.)

1. WILLS ⬅➟297(1)—PROBATE—ADMISSIBILITY OF EVIDENCE—DECLARATION OF
   TESTATOR.
   Testatrix's declarations to a contestant, after the will was executed.
   are inadmissible.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 690–693; Dec. Dig.
   ⬅➟297(1).]

2. WILLS ⬅➟305—PROBATE—EVIDENCE—WEIGHT.
   Alleged declarations, made by the testatrix, are of little weight, where
   proof as to the time made is indefinite.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 729–731; Dec.
   Dig. ⬅➟305.]

3. WILLS ⬅➟289—PROBATE—EVIDENCE—PRESUMPTION—INTERLINEATION.
   Where an interlineation is entirely unexplained, there is no presump-
   tion that it was fraudulently made after the will's execution.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 653–661; Dec. Dig.
   ⬅➟289.]

4. WILLS ⬅➟302(4)—PROBATE—EVIDENCE—SUFFICIENCY—INTERLINEATION.
   Evidence held to show that proponent sufficiently proved a will con-
   taining an interlineation.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 704; Dec. Dig. ⬅➟
   302(4).]

5. WILLS ⬅➟289—PROBATE—EVIDENCE—BURDEN OF PROOF—INTERLINEATION.
   A contestant of a will has the burden of producing evidence from which
   it may be inferred that the alteration in the will was made after its
   execution.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 653–661; Dec.
   Dig. ⬅➟289.]

Proceeding to probate the last will of Laura V. Ross.   Decision
and decree for probate of will as propounded.

Robert M. Boyd, Jr., of New York City, for proponent.

Frank H. Reuman, of New York City, for contestant.

D. C. Hayes, of New York City (Clinton T. Roe, of New York
City, of counsel), for John J. Ross.

FOWLER, S.   The will offered for probate is contested.   The
paper propounded is a holograph.   It contains on its face an erasure.
Ink lines have been made over what is asserted to be the figure "13"
in the original draft.   The word "three" is written immediately above
the erasure so that the paper now reads: * * * "To my sister
Emiline Bache three thousand and my diamond earrings." * * *

It appears that the will of testatrix was made on January 30, 1914.
Immediately after execution the testatrix took the paper away with her,
and it was found in her safe deposit box on December 15, 1915, when
a search was made for it, pursuant to an order of this court.   Testa-
trix died on December 5, 1915.

The objections to the paper propounded were filed on behalf of Emi-
line Bache, a legatee and one of the next of kin.   In substance, the
objections allege that the alteration on the first page of the will con-

⬅➟For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

sists of the cancellation of the figure "13" before the word "thousand," and the interlineation of the word "three." It is asserted that the alteration was made subsequent to execution. The objectant prays that the will of testatrix as asserted to have been originally executed may be admitted to probate.

[1, 2] The declarations of testatrix made to the contestant should, I think, be disregarded. They were made after the execution of the will. White v. Hicks, 33 N. Y. 383. The declarations made by the testatrix to George F. Bache were not proved to have been made at any particular time. In fact, their indefiniteness alone would preclude any importance being attached to the declarations of testatrix testified to by this witness. Declarations that the alterations were made before execution are received in England, not as evidence of the fact stated, but as evidence of continuous intent (Phipson on Ev. 308, and cases cited).

[3-5] Much importance is attached by the contestant to the fact that for some time before her death the executor named in the will had possession of the key of the safe deposit box of testatrix wherein the will was found. On the trial of this cause, however, no proof was offered to show that Mr. Kirby, a very respectable man, had ever visited the box. On the contrary, he was uncontradicted in his testimony that before the actual hearing in court he had never examined the will and never had the propounded paper in his physical possession.

The will was witnessed by two notaries public. One of the attesting witnesses testified that he had the will in his hands between five and ten minutes before it was executed, and that he glanced over it. He could not recollect whether or not the change in the text, which is the basis of the contest, had been then made. The other attesting witness did not have occasion or opportunity to inspect the text of the will. In short, there is no affirmative proof of a convincing character that the alteration in the will was made at any particular time. The testimony of the handwriting expert, called on behalf of contestant, does not alter my opinion, made after careful consideration of the matter, that the alteration in the will was made by the testatrix herself and is in her handwriting.

In the absence of proof, it is the law of this state that where an interlineation, fair upon the face of the instrument, is entirely unexplained, there is no presumption that it was fraudulently made after the execution of the instrument. Crossman v. Crossman, 95 N. Y. 145; Matter of Conway, 124 N. Y. at page 466, 26 N. E. 1028, 11 L. R. A. 796.

At common law, unexplained alterations in a will were presumed to have been made before execution. Matter of Easton, 84 Misc. Rep. 1, 145 N. Y. Supp. 373. That this rule has been changed I have not concluded. It is a great question. Consequently I prefer to base my decision on the ground that the proponent has met the requirements of law in his proofs of the paper propounded. The evidence offered by the contestant did not require a higher order of proof on the part of proponent. The onus was on the contestant, claiming an advantage from the alteration, to adduce some evidence by which it may be in-

ferred that the alteration was not made before execution.   Williams v. Ashton, 1 J. & H. 115, 118.

Present decision, and also decree for probate, setting out the paper as propounded.