In the Matter of Proving the Last Will and Testament of
LAURA V. Ross, Deceased, as a Will of Personal Property.

GEORGE F. BACHE, as Administrator, etc., of EMELINE H.
BACHE, Appellant; EUGENE E. KIRBY, as Executor, etc., and
JOHN J. ROSS, Respondents.

First Department, May 4, 1917.

Will — alteration of holographic will — evidence establishing altera-
tion by testatrix after execution — burden of establishing time
alteration was made.

Where it appears that a legacy to the sister of the testatrix, in a holo-
graphic will as originally written, was for the sum of $13,000; that the
thirteen which was in figures had been erased and over it the word
three had been written; that the proponent, the residuary legatee, was
not in any way a party to the alteration; that the will was taken before
two notaries public to execute, one of whom testified that if he had
noticed the change he would have noted it on the side; that the altera-
tion was made with different ink from that used by the testatrix in
drawing the will or in signing her name, and apparently with a different
pen, it should be *held* that the will was altered by the testatrix after
its execution. The burden of establishing the time of the alteration
rests not upon the beneficiary, but upon the proponent who, as residuary
legatee, is the one benefited by the alteration.

APPEAL by the contestant, George F. Bache, as administra-
tor, from an order and decree of the Surrogate's Court of the
county of New York, entered in the office of said Surrogate's
Court on the 11th day of October, 1916, admitting to probate
the last will and testament of Laura V. Ross, deceased.

*Frank H. Reuman* [*Charles H. Fuller* with him on the
brief], for the appellant.

*Robert M. Boyd, Jr.,* for the respondents.

SMITH, J.:

Laura V. Ross executed her last will and testament upon
January 30, 1914, and died upon the 5th day of December,
1915. The will was holographic. Certain specific legacies were
given and certain general legacies, one to the appellant's intes-
tate, Emeline Bache, who was a sister of the decedent. The

will was offered for probate by Eugene E. Kirby, who was named in said will as the executor and who was the residuary legatee. No question is made as to the regularity of the execution or as to the competency of the testatrix. The sole question raised relates to the legacy given to Emeline Bache, the sister. The original will has been produced before the court, and it seems to be conceded that as originally written this legacy was for the sum of $13,000. The "thirteen," which was in figures, has been erased, and over it the word "three" has been written. The surrogate has admitted the will to probate as a will giving to the said Emeline Bache the sum of $3,000, while appellant here claims that the will should have been construed to give to Emeline Bache the sum of $13,000, as it was originally written. The determinative question, therefore, is whether upon the evidence and upon the presumption this alteration was made before or after the execution of the will. Aside from such presumption as may exist, the evidence is not entirely satisfactory as to when this alteration was made. It is not shown what was the extent of the property conveyed by the will or what were the relations between the testatrix and her sister Emeline Bache or her brother, the residuary legatee, and the proponent of the will. These facts may not be very important, because we are satisfied, notwithstanding the evidence of the expert, that the alteration of the will was in fact made by the testatrix herself. She drew her own will originally, and stated at the time of its execution that she could draw it as well as any lawyer, and the change might have been made by her with equal probability either before or after its formal execution. It is clear that the proponent, the residuary legatee, was not in any way a party to the alteration.

There are three facts which bear upon the alteration with considerable force. This will was taken before two notaries public to execute, one of whom, the witness Wasson, had had considerable experience in the execution of papers. He swears that he glanced over the will and had it in his possession five or ten minutes. He also swears that he does not recollect whether there were any changes upon the will at the time he glanced over it, but that as a rule if he saw a change in a will

he would make a note of it on the side. He was asked the question, "If you had noticed that change there, would you have noted it on the side by initialing it?" and answered, "If I had noticed the change I would have required it to be initialed." The change is very conspicuous, and it almost seems impossible that if that alteration had been made before the will had been executed before these two witnesses, this witness would not have noticed the change and have had it noted on the will. Furthermore, a son of Emeline Bache swears that his aunt, the testatrix, had stated to him that she intended to leave to his mother what she had inherited from her mother, and it appears that she had inherited between $13,000 and $14,000 from her mother. Again, the alteration is made with different ink from that used by the testatrix in drawing the will or in signing her name, and apparently with a different pen. This would indicate that the alteration was not made at the time the will was drawn, but at some later time. As the proof stands the preponderance of evidence would seem to indicate that the will was altered by the testatrix after its execution.

The learned surrogate, however, has deemed this evidence of insufficient force to enable him to determine the fact thereupon (96 Misc. Rep. 404), and has applied the rule stated in *Williams* v. *Ashton* (1 J. & H. 115, 118). In that case Vice Chancellor WOOD stated the rule to be, "I do not think it is quite a correct mode of stating the rule of law to say that alterations in a will are presumed to have been made at one time or at another. The correct view * * * is that the onus is cast upon the party who seeks to derive an advantage from an alteration in a will, to adduce some evidence from which a jury may infer that the alteration was made before the will was executed." This rule was ably discussed by the learned surrogate who decided this case in *Matter of Easton* (84 Misc. Rep. 1) and is there stated by him to be the correct rule. There is here no evidence in the alteration itself or in connection with the possession of the will which indicates any fraud or intentional perversion of the will of the testatrix. The fact, as we find it to be, that the alteration was made by the testatrix herself, would entirely negative such an inference. The difficulty with the case lies not

in the statement of the rule, but in its application to the case at bar, and in this we think the learned surrogate has erred. The change of a legacy from $13,000 to $3,000 to Emeline Bache was to the advantage of the proponent of the will, who was the residuary legatee. His legacy was thereby increased $10,000. The burden, therefore, of showing when the alteration was made rested not upon this appellant, as was held by the surrogate, but upon the proponent of the will, who was the one who would be benefited by the alteration. We are of opinion, therefore, that the appellant's contention in this case is sustained by the evidence, in regard to which, under the rule stated by the surrogate himself, the presumption is in his favor rather than against him.

The decree should, therefore, be reversed on law and fact, and the matter remitted to the surrogate either for further evidence or for action in accordance herewith. Costs to appellant payable out of the estate. This court reverses the finding of fact that the alteration in the will was made before execution.

CLARKE, P. J., SCOTT, PAGE and DAVIS, JJ., concurred.

Decree reversed, with costs, and proceeding remitted to surrogate.