In the Matter of the Estate of LEONARD McPHAIL RIDGWAY, Deceased.

Surrogate's Court, Kings County, October 14, 1931.

*Walter S. Newhouse*, for the petitioner.

WINGATE, S. The law applicable to this case has been fully reviewed by this court in its recent decisions in *Matter of Enright* (139 Misc. 192) and *Matter of Ayres* (141 id. 236). As stated in the former opinion: " The law in this State is entirely clear that in cases where alterations or erasures have been made by the testator subsequent to the execution of the will, the document in its original form is to be admitted to probate if such original condition can be ascertained."

This position has been uniformly maintained in all applicable decisions of this State. (See *Lovell* v. *Quitman*, 88 N. Y. 377, 381; *Matter of Ackerman*, 129 App. Div. 584, 585; *Matter of Wood*, 144 id. 259, 261; *Matter of Van Woert*, 147 id. 483, 484, 485.)

In the case at bar the testator duly executed a will bearing date the 14th of August, 1922, which provided as follows: *First,* payment of debts, etc.; *second,* a legacy of $5,000 to a sister, Mary Ridgway; *third,* a legacy of $1,000 to a brother, Robert Ridgway; *fourth,* a legacy of $1,000 to a grandniece, Evelyn R. Ridgway, to be deposited in a savings bank and paid her, with accumulations, on her attaining the age of eighteen years; *fifth,* a legacy of $1,000 to deceased's wife's sister, Adelaide Forbush; *sixth,* a legacy of $1,000 to Adelaide Forbush, a niece of testator's deceased wife; *seventh,* a legacy of $5,000 to a daughter of former neighbors at Maplewood, N. J., whose name was given as Florence Pollock; *eighth,* residue to Mary Ridgway and Florence Pollock; *ninth,* Thomas Kelby appointed executor.

Under date of October 15, 1923, testator executed a holographic codicil which provided as follows: *First,* revocation of the appointment of Thomas Kelby as executor and appointment of Mary Ridgway as sole executrix; *second,* reaffirmation of the legacy in the 7th item of the will but stating that the beneficiary's correct name was Alice Jane Pollock and not Florence Pollock; *third,* legacy of $1,000 to Jocelyn F. Ridgway; *fourth,* reduction to the sum of $500 of the legacy given by the 3d item of the will to testator's brother, Robert Ridgway.

As presently existing there are certain alterations and notations in pencil apparently in the handwriting of the testator on both documents. The 5th item of the will is crossed out but in the margin is a notation also in pencil " in." The 6th and 7th items of the will are also crossed out as is the reference in item 8 to Florence Pollock as one of the residuary legatees. In the margin is written in pencil " 6th Par. revoked, Lenrd M. Ridgway, 7th Par. revoked, Lenrd. M. Ridgway, & part of 8th." The 2d paragraph of the codicil is also stricken out and in the margin is written " 2nd par. revoked, Lenrd M. Ridgway."

None of these attempted revocations or alterations is witnessed. The subscribing witnesses to the will and codicil testified that at the time of their respective executions no pencil alterations, notations or obliterations existed either in the body of the instruments nor on the margins thereof.

It must follow, therefore, that all of these attempted alterations and obliterations were entirely nugatory, and that the composite directions of the will and codicil to be admitted to probate will be as follows: Direction for payment of debts; legacy of $5,000 to testator's sister, Mary Ridgway; legacy of $500 to testator's brother, Robert Ridgway; legacy of $1,000 to testator's grandniece, Evelyn R. Ridgway, payable in the manner provided in the 4th item of the will; legacy of $1,000 to testator's deceased wife's sister, Adelaide Forbush; legacy of $1,000 to testator's deceased wife's niece, Adelaide Forbush; legacy of $5,000 to Alice Jane Pollock; legacy of $1,000 to Jocelyn F. Ridgway; the residue to the estate to be divided equally between Mary Ridgway and Alice Jane Pollock; the sole executrix to be Mary Ridgway.

Proceed accordingly.