In the Matter of the Estate of FRANCIS ISABEL NEILL, Deceased.

Surrogate's Court, New York County, October 16, 1941.

*McCloy & Bravman*, for the petitioner.

*McLaughlin, Russell & Bullock* [*Ralph A. Bullock, Eugene W. Annis* and *Ralph W. Noe* of counsel], for the respondents.

*Frederick L. Kane*, special guardian.

FOLEY, S. This is an application for a construction of the will. The testatrix died on April 8, 1940. Her will and two codicils thereto have been admitted to probate in this court.

The will, executed January 4, 1936, and the first codicil, executed May 26, 1937, were drawn by a New York attorney experienced in the drafting of testamentary instruments. No question is raised as to the proper construction of these instruments.

The second codicil was written in longhand by the testatrix and executed on April 21, 1939, approximately one year before her death. It is entitled " Codicil—21 April 1939 — Additional gifts and changes in Will." This instrument provides for seven specific legacies and nineteen general legacies of cash. Of the specific legacies one is to a person not mentioned in the will or first codicil. The other specific legacies are to persons named in the prior testamentary instruments. Of the property specifically bequeathed under the second codicil only one article was otherwise disposed of in the prior instruments.

Of the nineteen general legacies in the second codicil three are to persons not theretofore named as legatees, two are in the same amount and to the same persons previously provided for, eleven are to persons previously mentioned in amounts exceeding the prior bequests and three are to persons previously mentioned in amounts less than the prior bequests. The total of the pecuniary bequests in the second codicil is $12,300. The amount bequeathed by the prior testamentary instruments to these same pecuniary legatees is $9,000.

The precise question to be determined is whether the pecuniary gifts in the second codicil are cumulative and must be paid in addition to those provided for in the will and first codicil or whether these gifts are substitutional and indicate the intention of the testatrix as to the total amount to be paid to each of these legatees.

The general rule on this question is that where the legacies are contained in the same instrument the presumption is that the latter gift is substitutional and where the legacies are contained in separate

instruments the presumption is that they are cumulative. In either case, however, the presumption may be overcome by evidence of a different intention on the part of a testator. (*Southgate* v. *Continental Trust Co.*, 36 Misc. 415; affd. as to this point on opinion below, 74 App. Div. 150; affd., 176 N.Y. 588; *Matter of Karstens*, 169 Misc. 842; *DeWitt* v. *Yates*, 10 Johns. 166.) In this type of case as in all other questions of construction the intention of the testator is paramount and supersedes all presumptions and general rules.

The evidence adduced at the hearing before the surrogate clearly establishes that the testatrix intended the pecuniary legacies in the second codicil to be substitutional rather than cumulative. The instrument itself is stated to provide for " Additional gifts and changes in Will," the additional gifts being the specific legacies and the general legacies to new legatees. Obviously the changes were the modifications of the amounts of the legacies bequeathed in the will and first codicil. Other instruments prepared by the testatrix, which were testamentary in character but of necessity denied probate, indicate this continued intention on her part to *change* her original will and codicil. The marginal notes, interlineations and cancellations made by the testatrix on the copies of the will and first codicil and on the documents written by her show a continuous intention and desire by the testatrix to modify and change her entire testamentary plan. It is evident that this state of mind continued even after the execution of the second codicil because even this instrument contains pencilled interlineations, cancellations and marginal notes made after its execution. This intention to change and modify the existing testamentary plan is inconsistent with the contention that additional pecuniary legacies to persons theretofore provided for were bequeathed by the second codicil.

There is no merit in the contention that since the specific legacies in the second codicil are in addition to those provided for in the will and first codicil the pecuniary legacies must be determined to be similarly so payable. The very nature of a specific legacy negatives this argument. Specific legacies of different property in successive testamentary instruments cannot give rise to any controversy. It is only where property specifically bequeathed in one instrument is specifically bequeathed to another person in a subsequent instrument that any question arises. In such a case as here the subsequent gift is deemed a revocation of the first legacy and the legatee in the instrument last executed is entitled to the property.

I accordingly hold that the pecuniary gifts in the second codicil are substitutional and that the general legatees are entitled to receive only the amounts set forth in the last codicil.

Submit decree on notice construing the will accordingly.