In the Matter of the Probate of the Will of FRANCES C. THOMSON, Deceased.

Surrogate's Court, Westchester County, April 2, 1943.

*Campbell, Harding, Goodwin & Danforth* for petitioner.

*Fraser, Speir, Meyer & Kidder* for Grace R. Carpenter and others, distributees.

*Edward G. Halsey, Jr.,* for Ella Fowler, legatee.

*Edward J. Wilson,* special guardian for Milton Thomson, an infant.

MILLARD, S. This is but another instance of an attempt by a layman to make a testamentary disposition of property without the assistance of an attorney. The decedent died a resident of Westchester County on May 15, 1942, at the age of seventy-four years. There has been offered for probate a holographic writing dated August 19, 1929, and subscribed by two witnesses on August 22, 1929. The writing contains no attestation clause and is somewhat unusual in form in that the amount of each general legacy is written only in numerals which appear in the left margin. From recitals therein it appears that the writing was prepared and executed in Kansas City, Missouri.

An examination thereof discloses that several changes have been made on the second page of the writing as originally prepared. With respect to provisions for each of three legacies, all in four-figure amounts, the first numeral has been stricken out and the figure "1" has been substituted in the spaces between the first and second numerals, so that each of the three amounts reads "1000." It further appears that double horizontal lines have been drawn through both the numerals as well as through the remainder of a clause providing for a legacy of $500. A similar alteration has been made with respect to a clause providing for a legacy of $1,000 to one Ben Thomson. In the case of a provision for one Ella Fowler, the figure "1" has been superimposed upon the first numeral of a four-figure amount, so that such amount reads "$1000."

Notwithstanding that a will has been executed in a foreign State or country, it may nevertheless be admitted to probate herein if executed in compliance with the requirements of the laws of the State of New York. (Decedent Estate Law, § 23; *Matter of Rubens,* 128 App. Div. 626.) Both subscribing witnesses have testified to facts from which the court may conclude that the purported will was executed in accordance with the formalities prescribed by the laws of this State, and that at the time of execution the decedent was of sound mind and memory and not acting under restraint. No attempt was made to show in what State such changes were made, nor was any proof offered through the subscribing witnesses which would assist the court in determining when the changes were made.

Although the burden is on the proponent to establish that the writing offered for probate was the will of decedent (*Matter of Ross,* 177 App. Div. 719, revg. 96 Misc. 404), there is a conflict of authority as to whether there is a presumption that the alterations were made either prior or subsequent to the. execution of the will or whether any presumption whatsoever exists. (*Matter of Lang,* 9 Misc. 521; *Matter of Easton,* 84 Misc. 1; *Matter of Ross,* 96 Misc. 404, revd. 177 App. Div 719. See, also, *City National Bank* v. *Slocum,* 272 F. 11.) It is unnecessary to consider the latter questions since proof by an eminent handwriting expert has satisfactorily established that the obliterations and other changes above described, all in darker ink, were made approximately three or more years after the preparation of the writing as it existed in its original form. The proponent has therefore met his burden by satisfactory proof that such alterations were made after the date of execution.

Such alterations not having been subscribed or witnessed or accompanied by some other writing executed with the same formalities with which the will was required by law to be executed, would be ineffective under the laws of the State of New York to revoke such will in whole or in part. (Decedent Estate Law, § 34; *Matter of Tremain,* 282 N. Y. 485.) No obliteration can be effective as to part unless it altogether destroys the whole will. (*Matter of McGill,* 229 N. Y. 405; *Matter of Tremain, supra.*) It therefore follows that such obliterations and other changes are ineffective to revoke the will under the laws of the State of New York. In considering the possibility that such changes might as well have been made outside the State of New York, it should be noted that there is no proof that such changes were made by deceased or pursuant to her direction, nor is there any proof whatsoever of any intent to revoke the will.

The law of this State·is clear that in cases where alterations or erasures have been made by the testator subsequent to the execution of the will, the document in its original form must be admitted to probate if its original contents can be ascertained. (*Matter of Tremain, supra; Matter of Enright,* 139 Misc. 192.) The court is of the opinion that the proponent has sustained the burden of establishing the will as it existed at the time of its execution. Here again the advice of an expert on questioned documents has been helpful if not indispensable. With the aid of enlarged photographs of the questioned portions, the writing as it existed in its original condition has

been satisfactorily established. The court determines that the altered portions of the writing as originally prepared and as it existed immediately following its execution read as follows:

" $3000 — to be given Lucie Thomson.
$3000 — to be given Grace Thomson.
$5000 — to be given Floyd & Marguerite Thomson.

\* \* \* \* \* \* \*

$500 — each to be given Stanfield and Milton Thomson.

\* \* \* \* \* \* \*

$1000 — to be given to Ben Thomson.

\* \* \* \* \* \* \*

$2000 — to be given to Miss Ella Fowler of 163 Hudson Terrace, Peekskill, N. Y."

It appearing to the court that the propounded writing has been duly executed in accordance with the provisions of section 21 of the Decedent Estate Law, and the competency of decedent to make a will and her freedom from restraint having been established, the propounded instrument in the condition in which it existed immediately following its execution as determined herein will be admitted to probate as the last will of the deceased.

Settle decree accordingly.