John C. Boylan, S.
In this contested accounting proceeding a construction of the will is necessary to determine what person or persons to whom the assets of the estate are distributable.
On April 21,1948 the testatrix drafted her own will and codicil. She died on January 26, 1956 survived by two infant grandchildren. One of the provisions of the will was “ My jewelry will go to my daughter, other personal belongings will be disposed of according to the wishes of my daughter and ‘ Alphonse Westill ’ ”. The daughter predeceased the testatrix. No problem arises as to the jewelry. The disposition thereof is governed by section 29 of the Decedent Estate Law and goes to the children of the daughter. However a question arose as to the disposition of the “ other personal belongings ” of the decedent.
*181 In each question of construction the aim of the court is to determine the intention of the testator, and if such intention can be discovered it is paramount (Matter of Buttner, 243 N. Y. 1). If there is any ambiguity, that construction should be adopted which will best carry testator’s intention into effect (Matter of Buechner, 226 N. Y. 440).
The intent of the testatrix as to “ other personal belongings ” is to be garnered from reading the will as a whole (Fell v. McCready, 236 App. Div. 390; Matter of Winburn, 265 N. Y. 366). In a subsequent paragraph of the will the testatrix said: “I do not want any of my belongings, real or personal property to go to anyone but the above named four.” The four refers to “ Alphonse Westill ”, “ Beebe Stillock ”, and the two grandchildren. The court holds that the disposition of 1 ‘ other personal belongings ” is to the daughter and ‘ ‘ Alphonse Westill ” jointly and since the daughter predeceased the testatrix, the gift is solely to “ Alphonse Westill ”.
It is further provided: “ The remainder of my estate will be divided equally between my daughter, ‘ Beebe Stillock ’ and ‘ Alphonse Westill ’ of Manhattan, to be paid each of them at the rate of fifty dollars per month.
“ (5) Should anyone of the four, ‘ Alphonse Westill ’, ‘ Beebe Stillock ’ and the two grandchildren, predecease the others, the remainder of their share, should there by any, will be divided between the survivors.”
On the same day she executed the will, but at a later time, she executed a codicil thereto in which she sought to make her intent clear. The codicil provides: “Paragraph #5 is to be interpreted as follows: Should ‘ Beebe Stillock ’ or 1 Alphonse Westill ’ die before my estate has been settled, the balance will go to my two grandchildren, at the age of twenty-five. Then follow with pargh. (6).”
It appears that there is a conflict in these provisions as to the disposition of the share of “' Beebe Stillock ”. In such case the provision appearing last in position is presumed to indicate a subsequent intent and will prevail (Matter of Thompson, 218 App. Div. 130; Van Nostrand v. Moore, 52 N. Y. 12).
The court holds that the one-half share of the balance of the estate to which “ Beebe Stillock ” would have been beneficiary had she survived the testatrix passes to the grandchildren, one half each, so that each of the grandchildren is entitled to a half share of the remainder of the estate bequeathed and devised to “ Beebe Stillock ”, the daughter.
Pursuant to the terms of the codicil a one-quarter share each was made payable to the grandchildren when they attain the age *182 of 25. The testatrix intended that these shares be held in trust until each attained the age aforesaid. This intent is apparent when one considers a prior provision of the will wherein the testatrix set up two trusts of one thousand dollars each, payable to the two grandchildren, upon their attaining the age of 25.
In the event that either grandchild dies before the termination of their trusts the share of the one so dying is to be divided between the surviving grandchild and “ Alphonse Westill ” or if there be but one survivor, then he or she is to take all.
No provision is made for the payment of the income from these trusts for the benefit of the grandchildren. Although the trusts are to last four years beyond the minority of the grandchildren the court does not void these trusts because of the unlawful accumulation of income (Personal Property Law, §16) but holds that the accumulation is limited to the minority of the grandchildren and upon their attaining their majority the income is to be paid to them until age 25 when the trusts terminate (Williams v. Williams, 8 N. Y. 525, 538; Dodge v. Pond, 23 N. Y. 69; Matter of Harteau, 204 N. Y. 292).
Since the grandchildren are the recipients of the next eventual estate of these trusts the income from the time of their attaining their majority until the time of the termination of the trusts is payable to them (Schettler v. Smith, 41 N. Y. 328).
As to the other one half of the balance of the estate the testatrix intended to set up a trust fund for the benefit of “ Alphonse Westill ”. He is to receive $50 per month for life or until the fund is exhausted. In the event he dies before the fund is exhausted, then the balance remaining would go to the grandchildren, either to the trusts set up for them or if they have reached the age of 25, then to them individually, one half each.
Although the codicil provides: “ Should ‘ Beebe Stillock ’ or ‘ Alphonse Westill ’ die before my estate has been settled ” it is clear that the testatrix sought to resolve all contingencies. The word “ or” must be construed to mean or, and, or either, or either or both. Therefore, upon the death of “ Beebe Stillock ”, the daughter, the corpus to which she would have been entitled had she outlived the testatrix passes to the two grandchildren share and share alike or all to the one grandchild if at the time she is the only one of the grandchildren surviving. In the event “ Alphonse Westill ” dies before the termination of the trust for his benefit his share or the balance remaining will pass to the two grandchildren. This interpretation will put into effect the intention of the testatrix as evidenced by the paragraph following the one she elected to designate (6) wherein she chose to limit the persons who would enjoy her estate to her daughter, *183 her two grandchildren and “Alphonse Westill ” (Matter of Barr, 233 App. Div. 290, affd. 258 N. Y. 592). The use of the words ‘ ‘ before my estate has been settled ” is to be interpreted as meaning before the termination of the trusts. The words “ Then follow with pargh. (6).” require no interpretation because of the clear and unambiguous language contained in that paragraph of the will. No trustee having been named in the will a proper application must be made for the appointment of one.
The objections to the account filed by the special guardian are disposed of as follows:
Objection (1) having been determined in the above opinion, the accountant is to proceed accordingly. Objection (2) is sustained because the testimony of “ Margaret Loez (Peggy Loez) ”, a subscribing witness to the will, was necessary for the purpose of probating the will. It follows that the legacy to her is void (Decedent Estate Law, § 27; Morse v. Tilden, 35 Misc. 560). Objection (3) is sustained because the amount of commissions set forth in Schedule J of the account must be recomputed and an amended schedule submitted. The commissions on the real property sold by the executor should be based upon the net amount of cash actually realized upon the sale after the payment of all proper charges and expenses (Matter of McKeon, 182 Misc. 906).
Enter decree judicially settling the account of the executor on notice and in accordance herewith.