William F. Christiana, S.
On this accounting proceeding petitioner seeks a construction of certain- provisions of the last will and testament of Florence Rose, deceased.
Decedent was an unmarried', retired public school teacher, who was over 90 years of age at the time of her death. Her will is holographic. It consists of three unnumbered pages, written in, ink on white pad paper stapled together. The document was executed with due formality. No suggestion of fraud, undue influence, bad faith or lack of testamentary capacity was raised when the paper writing was propounded. No objections to probate were filed. The will was admitted to probate and properly-so. (Decedent Estate Law, § 21; Matter of Enright, 138 Misc. 853.)
The testamentary plan is simple. After several bequests to named individuals the residuary estate is devised and bequeathed to Christ Ch. Hudson, N. Y. ’ ’. The estate is insufficient to pay fully its donations and legacies must be prorated.
The will contains two alterations. One of the questions to be determined on this proceeding is the validity and effect of these changes, the first, of which is found in the second paragraph on the first page of the, will as follows: “ To Donald R, Benson, of 448 North Ave. Wood Ridge, N, J,, I will and bequeath $100.00.” This item is defaced by a single, horizontal line in ink running across the wording of the entire gift. On the same page, a few lines below, Donald R. Benson, of the same address, is bequeathed a legacy in an identical amount,
On the second page, of the will, there is found this bequest: “ To Mrs, Harold J. Bridgman of 1215 Dalton Ave,, Pittsfield, Mass. $500,00, ’ ’ The ‘( 500 ’ ’ figure is deleted by a single horizontal ink line and interspaced above it appears “ 1000.” also written in ink.
Neither of the above spoliations is witnessed. Both seem to be written in the hand of the testatrix apparently with the same pen and ink, The other dispositions, contained in the body of the instrument are unmolested. No proof was submitted, indeed *995 none appears available, as to the time when or the circumstances under which the above-mentioned mutilations were made.
Doubt exists if there is sound modern authority for indulging into presumptions as to whether alterations on a will were made before or after its execution. (Matter of Easton, 84 Misc. 1: Crossman v. Crossman, 95 N. Y. 145, 153; Matter of Ross, 177 App. Div. 719, 721.) In any event, it seems clear that the burden of establishing the time of an alteration rests upon him who benefits from the change. (Matter of Ross, supra.)
It is held that the alterations are nugatory since they are made without statutory formality and without a disclosed revocatory intention. It follows that no effect can be given to the attempted changes and the original context of the altered articles must be carried out if the same can be ascertained. (Lovell v. Quitman, 88 N. Y. 377; Burnham v. Comfort, 108 N. Y. 535; Matter of McGill, 229 N. Y. 405; Matter of Tremain, 282 N. Y. 485; Matter of Ackerman, 129 App. Div. 584; Matter of Wood, 144 App. Div. 259; Matter of Van Woert, 147 App. Div. 483; Matter of Ridgway, 141 Misc. 582; Matter of Thomson, 181 Misc. 385; Decedent Estate Law, § 34.)
The original provisions of the passages under consideration, while defaced, are quite legible and readily ascertained. Thus, Donald R. Benson is entitled to receive a prorated legacy of $100 and Mrs. Harold J. Bridgman a prorated legacy of $500.
There remains to be determined the question of the additional legacy to Donald R. Benson. The answer depends upon whether the second bequest to him is cumulative or repetitious. It has been said that a gift will be confined to one legacy where its language indicates it is substitutional or purely reiterative. (6 Jessup-Redfield, Surrogates’ Law Practice, § 4690, pp. 28-29; Meeker v. Meeker, 4 Redfield 29.) We believe the rule to be followed here is correctly expressed in Matter of Neill (177 Misc. 534, 535-536), where the court indicated: “ The general rule on this question is that where the legacies are contained in the same instrument the presumption is that the latter gift is substitutional and where the legacies are contained in separate instruments the presumption is that they are cumulative. In either case, however, the presumption may be overcome by evidence of a different intention on the part of a testator. (Southgate v. Continental Trust Co., 36 Misc. 415; affd. as to this point on opinion below, 74 App. Div. 150; affd., 176 N. Y. 588; Matter of Karstens, 169 Misc. 842; Dewitt v. Yates, 10 Johns. 166.) In this type of case as in all other questions of construction the intention of the testator is paramount and supersedes all presumptions and general rules.”
*996 Absent evidence of any intention, it is concluded under the attending circumstances that the second gift to Donald R. Benson is substitutional or repetitious. It therefore fails.
A subscribing witness to the will was Margaret A. Walker, now Margaret A. Rifenburgh. She is also a named beneficiary therein to the extent of $200. Her testimony was essential to probate. She would not have been entitled to any share of the estate in the event the will was not established. It follows that the legacy to her is void. (Decedent Estate Law, § 27; Matter of Ostem, 11 Misc 2d 179; Matter of Hunt, 122 N. Y. S. 2d 765.)
Submit decree on notice settling account accordingly at which time allowances will be fixed.