[Civ. No. 32218. First Dist., Div. Two. Oct. 17, 1973.]

Estate of GRACE B. LUND, Deceased.
FIN RANDAHL LUND, Plaintiff and Appellant, v.
MARGARITA VARGA, Claimant and Respondent.

**COUNSEL**

Cadwalader & Black and George L. Cadwalader for Plaintiff and Appellant.

Levinson & Edgeman and Ronald W. Edgeman for Claimant and Respondent.

**OPINION**

**THE COURT.**—This is an appeal from an order sustaining exceptions to the recommendations of a probate commissioner in an heirship proceeding.

A will and several codicils of the decedent, Grace Lund, were admitted to probate. The will left certain gifts of personal property and cash to various persons, with the residue going to appellant. One of the specific gifts in the will was to respondent, the provision reading as follows:

GBL GBL
JWM  Ten  CCK    JWM  ($10,000.00)  CCK

"EIGHTH: I give the sum of ~~Five~~ Thousand Dollars (~~$5,000.00~~) to MARGARITA VARGA, provided she shall survive me." The interlineations were handwritten, and the initials appear to be those of the decedent and the two witnesses to execution of the will.

A holographic codicil, executed two years after the will and labeled as a "codicil," simply stated decedent's wish that respondent have $20,000 and a fur mink coat, these gifts to be free of all taxes. A fur mink coat was not mentioned in the will.

Subsequent codicils left an additional gift of personal property, not mentioned in the will, to one of the other legatees under the will and authorized decedent's bank, in the event of decedent's death, to pay respondent sufficient funds for her passage home to Argentina and for a visa and other required papers.

The entire estate was valued at approximately $260,000.

Appellant contends that the gift of $20,000 to respondent under the first codicil mentioned above was intended as a substitution for the gift of $10,000 under the will. A probate commissioner, to whom the issue was referred on a petition to determine heirship in the trial court, concluded that the $20,000 gift was substitutional. The trial court, however, disagreed with this conclusion and ordered that respondent was entitled to $30,000 and a fur mink coat, as well as payment of her passage to Argentina and expenses of a visa and other required papers.

*Estate of Delany* (1964) 226 Cal.App.2d 473 [38 Cal.Rptr. 83], relied upon by the probate commissioner and appellant, is of little help here, as the question of the effect of the second specific pecuniary legacies to the same persons was not before the court and there may have been intrinsic evidence of a substitutional intent which would distinguish the case from the present one and bring its result into accord with the general rule in other jurisdictions. That general rule, as evidenced by the cases cited by appellant, as well as respondent, coincides with that set forth in *Estate of Jones* (1904) 2 Cof.Prob.Dec. 178, 181, and is to the effect that a second gift of quantity to the same legatee is presumed cumulative unless there is intrinsic evidence of a substitutional intent. (See *In re Neill's Estate* (1941) 177 Misc. 534 [31 N.Y.S.2d 11, 13]; *Third National Bank* v. *Scribner* (1939) 175 Tenn. 14 [130 S.W.2d 126, 133, 123 A.L.R. 1385].) In the absence of higher controlling authority, this court regards the decision in *Estate of Jones, supra,* and the decisions of other jurisdictions which have been brought to its attention, as highly persuasive that this is the correct rule to be applied.

Applying this general rule, we find no intrinsic evidence of a substitutional intent in this case. Unlike in those cases cited by appellant, there is no indication of a change in the testamentary scheme or plan, the gifts to

respondent constituting a fairly small portion of the estate of approximately $260,000, and there is no reiteration in the codicil of other gifts or provisions made in the will which would indicate that the instrument was intended as a substitute. Thus, in the absence of any specific language indicating that the gift was a substitution or that the codicil was intended to supersede the will, and also considering the fact that the decedent made several separate codicils providing for specific gifts of personal property not already mentioned in the will, the presumption that the gift is cumulative has not been overcome.

Order affirmed.