**CLAYTON BROWN, JR., Appellant/Defendant**
**vs.**
**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Crim. No. 2007/063

Supreme Court of the Virgin Islands

January 28, 2008

HARRIS ANGELL, ESQ., St. Thomas, U.S.V.I., *Attorney for Appellant.*

COURTNEY REESE, ESQ., Assistant Attorney General, St. Thomas, U.S.V.I., *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## MEMORANDUM OPINION

(January 28, 2008)

This matter is before the Court on the issue of the timeliness of Appellant Clayton Brown, Jr.'s (hereafter "Brown") appeal of his conviction for attempted murder and other related charges. For the reasons which follow, we remand to the Superior Court.

## I. BACKGROUND

In the underlying action, on January 10, 2007, a jury found Brown guilty of attempted murder, use of an unlicensed firearm during the attempted commission of a murder, first degree assault, use of an unlicensed firearm during the commission of a first degree assault, and possession of ammunition. The Superior Court entered a Judgment on March 29, 2007 ordering, among other things, that Brown be incarcerated for fifteen years. Thereafter, Brown filed his Notice of Appeal on May 1, 2007. This Court issued an Amended Order on September 18, 2007 requiring both parties to submit a brief on the issue of our jurisdiction to consider this appeal.

## II. DISCUSSION

### A. Jurisdiction and Timeliness of Notice of Appeal

Before this Court can decide the merits of Brown's appeal, we must determine if we have jurisdiction. "The Supreme Court [has] jurisdiction

over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." V.I. CODE ANN. tit. 4 § 32(a). The trial court entered its Judgment on March 29, 2007. There is, therefore, a proper final judgment from which Brown could appeal.

■ The vital issue before us, however, is whether Brown timely filed his Notice of Appeal. A notice of appeal that is not filed in a timely manner deprives this Court of jurisdiction to decide the merits of a case. *See Bowles v. Russell*, ___ U.S. ___, 127 S. Ct. 2360, 2362, 168 L. Ed. 2d 96 (2007) ("this Court has consistently held the requirement of filing a timely notice of appeal is 'mandatory and jurisdictional'" (citations omitted)); *Poole v. Fam. Ct. of New Castle County*, 368 F.3d 263, 264 (3d Cir. 2004) ("The timeliness of an appeal is a mandatory jurisdictional prerequisite."); *U.S. v. Kress*, 944 F.2d 155, 161 (3d Cir. 1991) (referring to the virtually identical federal counterpart to V.I. S. CT. R. 5(b)(1), the Third Circuit Court of Appeals stated that "the notice of appeal in a criminal case is to be filed within ten days of the entry of the judgment or order appealed[, and t]he timely filing of such a notice is mandatory and jurisdictional").

■ According to Supreme Court Rule 5(b)(1), "[i]n a criminal case, a defendant shall file the notice of appeal in the Superior Court *within ten days* after the entry of (i) the judgment or order appealed from . . . ." (emphasis added). Additionally, Supreme Court Rule 16(b) provides that "[w]hen a period of time prescribed or allowed is less than eleven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Furthermore, Rule 16(b) states that "[t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday." The record before us indicates that Brown filed his Notice of Appeal on May 1, 2007. To be timely under our rules, the Notice of Appeal should have been filed on April 17, 2007 because the running of the ten-day time period began on March 29, 2007 when the Judgment was entered.

## B. The Use of V.I. S. CT. R. 5(b)(5) to Extend the Time for Filing the Notice of Appeal

■■ Although Brown's appeal was untimely under VISCR 5(b)(1), another provision in Rule 5(b) provides for a potential extension of time

for filing a notice of appeal. Specifically, Rule 5(b)(5) provides, in relevant part:

> Upon a showing of excusable neglect, the Superior Court may—before *or after* the time has expired, with *or without motion and notice*—extend the time for filing a notice of appeal for a period not to exceed thirty days from the expiration of the time otherwise prescribed by this subdivision.

VISCR 5(b)(5) (emphasis added). Given a general lack of case law in our jurisdiction on this issue, this Court turns to the federal courts' interpretation of a virtually identical rule to provide some guidance on this matter. Federal Rule of Appellate Procedure 4(b)(4) is the counterpart to our Supreme Court Rule 5(b)(5).[1] Federal Rule 4(b)(4) provides:

> Upon a finding of excusable neglect or good cause, the [trial] court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Except for the addition of "good cause" and the use of "finding" rather than "showing," the rules are identical.[2] Therefore, federal cases construing the federal rule can provide insight into our own rule permitting extensions of time to file a notice of appeal. *See Berkeley v. West Indies Enterprises, Inc.*, 480 F.2d 1088, 1092, 10 V.I. 619 (3d Cir. 1973) (language of a local statute taken from a statute of another jurisdiction shall be construed the same as it is construed in the foreign jurisdiction); *Matter of Buckley's Estate*, 536 F.2d 580, 582, 13 V.I. 345 (3d Cir. 1976) ("the contemporary judicial interpretation of statutes of foreign jurisdictions that are adopted in haec verba by the Virgin Islands is assumed to be carried over into the law of the Virgin Islands").

---

[1]     The rules of this Court are based upon the rules of the Appellate Division of the District Court of the Virgin Islands, our predecessor court, which rules were in turn drawn from the Federal Rules of Appellate Procedure and Local Appellate Rules of the Third Circuit Court of Appeals. *See* VISCR 1(e); V.I.R. APP. P. 1(e), n. 1 (2007).

[2]     A 1998 Amendment to the federal rule made the two substantive changes that make it different from our rule. The Advisory Committee Notes state that "[b]ecause the rule authorizes the Court to provide an extension without a motion, a 'showing' is obviously not required; a 'finding' is sufficient." FED. R. APP. P. 4(b)(4) advisory committee's note.

Federal courts of appeal have overwhelmingly construed FED. R. APP. P. 4(b) as allowing a [trial] court to treat an untimely notice of appeal as a motion for extension of time in criminal cases where the notice of appeal, though not filed within ten days, was filed within forty days of entry of final judgment. For instance, the Eleventh Circuit Court of Appeals has stated that "[i]n criminal cases, [we have] customarily treated a late notice filed after the expiration of the ten-day period and before the lapse of forty days (ten plus thirty), as a motion for extension of time but a motion that properly should be decided by the [trial] court." *U.S. v. Ward*, 696 F.2d 1315, 1317-18 (11th Cir. 1983); *see also U.S. v. Arce-Jasso*, 389 F.3d 124, 128 (5th Cir. 2004) (noting that the Fifth Circuit "customarily treat[s]" late appeals as requests for time extension when filed within thirty days from the expiration of the deadline); *U.S. v. Torres*, 372 F.3d 1159, 1160 (10th Cir. 2004) (noting that the original appeal which was filed more than ten days but less than forty days after entry of judgment was remanded for the trial court to determine whether the delay in filing was due to excusable neglect); *U.S. v. Montoya*, 335 F.3d 73, 76 (2d Cir. 2003) (a notice of appeal filed within the Rule 4(b)(4) thirty-day "grace period" construed as a motion to extend); *U.S. v. Tarrant*, 158 F.3d 946, 947 (6th Cir. 1998) ("a [trial] court has the discretion to consider a motion to extend the time for appeal beyond the 10-day deadline *if and only if* it is filed within 30 days after the 10-day deadline, or 40 days from the date of the entry of judgment"); *U.S. v. Richmond*, 120 F.3d 434, 435-36 (3d Cir. 1997) ("We have held that [trial] courts retain the authority to grant the appealing party a Rule 4(b) extension after the 10-day period has elapsed so long as the appealing party filed the notice of appeal within the 30-day extension period.").

■ In this case, Brown's Notice of Appeal was filed fourteen days after the ten-day deadline established by Supreme Court Rule 5(b)(5).[3] Therefore, although Brown did not file for an extension of time, his May 1, 2007 filing occurred well within the thirty-day grace period for doing so. In fact, his Notice of Appeal was filed on the fourteenth day of the thirty day extension period, which would have ended on May 17, 2007.

---

[3] We note that the record before us contains an allegation that Brown personally wrote a letter, dated March 27, 2007, to the trial court "evidencing his intention to appeal." (Pet'r's Inform. Motion on Court's Juris. at 2.) The record before us contains no evidence of the letter but we deem it unnecessary to address whether it actually exists given our holding herein.

In accord with the vast body of federal case law, this Court now holds that when a Notice of Appeal is determined to be untimely under the ten-day rule, but is filed within thirty days of the expiration of the ten-day appeal period, the Superior Court has the authority under VISCR 5(b)(5) to grant an extension upon a showing of excusable neglect.

█ Having so held, we note that the determination of excusable neglect "is at bottom an equitable one." *See Pioneer Inv. Serv. Co. v. Brunswick Assoc.*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993). The trial court should take into account "all relevant circumstances surrounding [Brown's] omission . . . includ[ing] . . . the danger of prejudice [to the People], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[4] *Id.*

## III. CONCLUSION

Because the Notice of Appeal was not timely filed, this Court lacks jurisdiction to hear the underlying appeal. Accordingly, we remand to the Superior Court for a determination of whether a showing of excusable neglect can be made.

---

[4] Among other facts, the trial court may consider that Brown has been incarcerated at all times relevant to this appeal and that his appeal is based on ineffective assistance of counsel—the same counsel who filed the Notice of Appeal in an untimely manner.